UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

JAN BENSON SEGAL,

    Plaintiff,

vs.

SKYLINE CHILI, INC.; SKYLINE CHILI
FRANCHISE DEV. CORP.; and LAMBU
ENTERPRISES, INC., d/b/a SKYLINE
CHILI,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JAN BENSON SEGAL, sues Defendants, SKYLINE FOOD PRODUCTS CO. d/b/a SKYLINE CHILI; SKYLINE CHILI FRANCHISE DEV. CORP.; and LAMBU ENTERPRISES, INC., d/b/a SKYLINE CHILI (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JAN BENSON SEGAL, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, SKYLINE CHILI, INC., was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Broward County, Florida.

6. At all times material, Defendant, SKYLINE CHILI FRANCHISE DEV. CORP., was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Broward County, Florida.

7. At all times material, Defendant, LAMBU ENTERPRISES, INC., d/b/a SKYLINE CHILI, was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Broward County, Florida.

8. At all times material, Defendants, SKYLINE FOOD PRODUCTS CO. d/b/a SKYLINE CHILI; SKYLINE CHILI FRANCHISE DEV. CORP.; and LAMBU ENTERPRISES, INC., d/b/a SKYLINE CHILI, operated, owned, leased, or bore franchise liability under US v. Days Inns of America, Inc., 151 F. 3d 822 (8th Cir. 1998) for the Skyline Chili restaurant located at 2590 North Federal Highway, Fort Lauderdale, FL 33305.

9. Venue is properly located in the Southern District of Florida because Defendants' property is located in and does business within Broward County, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff, JAN BENSON SEGAL, is an individual with disabilities as defined by the ADA. Plaintiff suffers from cerebral palsy, which renders him unable to ambulate without a motorized device. Plaintiff, JAN BENSON SEGAL, has visited the property located at 2590 North Federal Highway, Fort Lauderdale, FL 33305 that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff was raised in Cincinnati, Ohio, enjoys Cincinnati-style chili, and enjoys Skyline Chili's unique and delicious brand of Cincinnati-style chili. Additionally, Plaintiff resides within the same county as the subject-property and is domiciled in close proximity to the subject property.

11. The Plaintiff has encountered architectural barriers at the subject property, and wishes to continue his patronage and use of the premises. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

12. The barriers to access at Defendants' property have denied or diminished Plaintiff's ability to visit the property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

13. Defendants own, lease, lease to, operate, or bear franchise liability for a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to, or

bear franchise liability for, is known as a Skyline Chili restaurant, which is located at 2590 North Federal Highway, Fort Lauderdale, FL 33305.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 16 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the restaurant located at 2590 North Federal Highway, Fort Lauderdale, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

16. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the restaurant located at 2590 North Federal Highway, Fort Lauderdale, has shown that violations exist. These violations include, but are not limited to:

### Parking

a) There are no signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG.

b) There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

c)   There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

d)   The accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG.

### Entrance Access and Path of Travel

e)   There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2 of the ADAAG.

f)   The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG.

g)   The curb ramp at the facility has an uneven surface that does not comply with Section 4.7.4 and 4.5 of the ADAAG.

h)   There are curb ramps at the facility that contain cross slopes in violation of Sections 4.7.2 of the ADAAG.

i)   There are changes in levels of greater than ½ inch, on the accessible route to the public street violating Section 4.3.8 and 4.5.2 of the ADAAG.

j)   The maneuvering clearances and sloped entrance at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.6 of the ADAAG.

k)   There are doorways at the facility that do not have level landings in violation of Section 4.13.6 of the ADAAG.

l)   There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

m)   The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

n)   There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

o)   There are changes in levels of greater than ½ inch, violating Section 4.3.8 and 5.2 of the ADAAG.

p)   There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2 of the ADAAG.

q)  There are curb ramps at the facility that contain excessive slopes in violation of Sections 4.8.2 of the ADAAG.

r)  There are no detectable warnings on the curb ramps at this facility in violation of Sections 4.7.7 and 4.29 of the ADAAG.

s)  There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

t)  There are ramps provided from the parking areas to the facility that have cross-slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

u)  The maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.6 of the ADAAG.

v)  There are doors in a series at the facility with less than the prescribed minimum clearances, in violation of Section 4.13.6 and 4.13.7 of the ADAAG.

w)  There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

### **Access to Goods and Services**

x)  There are no permanently designated interior spaces without proper signage. This violates Section 4.1.2 and 4.30 of the ADAAG.

y)  There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

z)  The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

aa) There are interior doors of the building that exceed the maximum force of 5lb to open in violation of Section 4.13.11 of the ADAAG.

bb) There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

cc) The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

dd) There is insufficient clear floor space to access goods or services at the facility, in violation of several Section of the ADAAG.

ee) There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

ff) There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

gg) There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

hh) The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

### Restrooms

ii) There are restrooms for public use at the facility without the required disabled use elements, in violation of several section of the ADAAG.

jj) The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.

kk) The grab bars in the toilet stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

ll) There are no grab-bars in the toilet, which does not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

mm) The water closets that are provided for public use at the facility violate provisions of Section 4.16 of the ADAAG.

nn) The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.19 of the ADAAG.

oo) There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

pp) The restroom does not provide the required latch side clearance to exit the room violating the provisions of ADAAG Section 4.13.6.

qq) The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

rr) The restroom does not provide elements equipped for use by the hearing and/or visually impaired, there is not a visual alarm violating Section 9 of the ADAAG.

ss)    Toilet flush is not located at the wide side of the toilet area in violation of Section 4.16.5 of the ADAAG.

17.    The discriminatory violations described in paragraph 16 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendants' buildings and their facilities, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18.    Defendants have discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability

is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter Defendants' restaurant located at 2590

North Federal Highway, Fort Lauderdale, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, JAN BENSON SEGAL, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

[*signature block on following page*]

DATED:  August 3, 2011.

          Respectfully submitted,


          By: /s/ Daniel B. Reinfeld
             DANIEL B. REINFELD, ESQ.
             Florida Bar No.:  174815
             DILL & REINFELD, PLLC
             Attorneys for Plaintiff
             Wells Fargo Financial Center
             1909 Tyler Street, Fourth Floor
             Hollywood, FL 33020
             Telephone: (954) 558-8139
             Facsimile: (954) 628-5054
             E-Mail: dan@reinfeldlaw.com


          Respectfully submitted,


          By: /s/ W. Glenn Dill
             WILLIAM GLENN DILL, ESQ.
             Florida Bar No.:  174815
             DILL & REINFELD, PLLC
             Attorneys for Plaintiff
             Wells Fargo Financial Center
             1909 Tyler Street, Fourth Floor
             Hollywood, FL 33020
             Telephone: (305) 632-4212
             Facsimile: (954) 628-5054
             E-Mail: dillwg@aol.com